UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JEFFREY SCHLOSSER, | : | |
| Plaintiff, | : | No. 3:19-cv-1971 (SRU) |
| | : | |
| v. | : | |
| | : | |
| ROLLIN COOK, et al., | : | |
| Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Jeffrey Schlosser, currently confined at Cheshire Correctional Institution in Cheshire, Connecticut and proceeding *pro se*, filed the instant case under 42 U.S.C. § 1983. In his initial complaint, which was filed on December 13, 2019, Schlosser alleged that the defendants, high ranking correctional officials, ignored his complaints about problems with the toilets at New Haven Correctional Center. *See* Compl., Doc. No. 1. Five days later, on December 18, 2019, Schlosser filed an amended complaint, adding several Doe defendants. *See* Am. Compl., Doc. No. 7. In the amended complaint, Schlosser abandoned his toilet-related claim and instead alleged that the defendants failed to comply with Administrative Directive 9.6.[1] *Id*. at 5–7.

Schlosser seeks damages and declaratory relief "for being deprived of a right to resolve issues at this facility," as well as injunctive relief in the form of a court order requiring the facility to keep request forms, among other items, "in the bubble and available to inmates at all times." *Id*. at 6–7. He also seeks punitive damages for the defendants' alleged failure to follow

---

[1] "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).

Administrative Directive 9.6 with deliberate indifference. *Id*. at 7.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include enough facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

I.  Allegations[2]

On November 10, 2019, Schlosser wrote to the counselor complaining about the lack of grievance and inmate request forms in the "bubble," which I assume means the correctional officer's station in the housing unit. Am. Compl., Doc. No. 7, at ¶ 1. The request was returned without disposition. *Id.* at ¶ 2.

---

[2] The facts are drawn from the amended complaint, and I assume them to be true and draw all reasonable reference in Schlosser's favor. *See Ashcroft*, 556 U.S. at 678–79.

On November 15, 2019, Schlosser filed a level 1 grievance. *Id.* at ¶ 3. Five days later, on November 20, 2019, Schlosser informed Warden Black and the Administrative Remedies Coordinator of the issue. *Id.* at ¶ 4. Thereafter, on November 22, 2019, Schlosser raised the issue to Commissioner Rollin, but did not receive a response. *Id.* at ¶ 6.

On December 3, 2019, the counselor supervisor told Schlosser that the facility was complying with the prison directives, which Schlosser alleges is not true. *See id.* at ¶ 5. That same day, Schlosser notified Counselor Coleman that the "contact list" was missing in violation of Administrative Directive 9.6. *See id.* at ¶ 7. He also raised the issue with Warden Black and the counselor supervisors, but did not receive a response. *See id.* at ¶ 8. He informed the counselor supervisor once more on December 12, 2019, but again did not receive a response. *See id.* at ¶ 9.

Schlosser further alleges that, when he was housed in C-Block, Correctional Officer Barton "was continuously making copies" even though it was not his job to do so. *Id.* at ¶ 10.

II.     Analysis

Because the allegations and requested relief focus on the defendants' alleged failure to comply with Administrative Directive 9.6, I construe Schlosser's complaint as raising a claim for violation of that directive.

 Failure to comply with an administrative directive, however, does not on its own give rise to a claim under 42 U.S.C. § 1983. *Harris v. Taylor,* 441 F. App'x 774, 775 (2d Cir. 2011); *see also Osuch v. St. John*, 2018 WL 5778243, at *4 (D. Conn. Nov. 2, 2018) ("Because a failure to follow a Department of Correction directive does not give rise to a section 1983 claim, any claim based on St. John's alleged violation of Administrative Directives 8.1 and 8.5 is

3

dismissed."). Moreover, Connecticut's grievance policies do not "create federally protected due process entitlements to specific state-mandated procedures." *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (internal citation omitted) (reasoning that a prisoner's argument that "defendants violated his due process rights by restricting his access to the prison's grievance procedures confuses a state-created procedural entitlement with a constitutional right"). For those reasons, I must dismiss Schlosser's claim pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

The amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the Clerk is directed to close this case. Schlosser's motions for appointment of counsel [**Doc. Nos. 2, 9**] are therefore **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge